IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRYL WARD,

                Plaintiff,

v.                                              OPINION and ORDER

NATHAN PRESTON, ADAM JORDAN,             17-cv-340-jdp
And PAMELA JONES,

                Defendants.

---

Plaintiff Darryl Ward is an inmate at Columbia Correctional Institution. He injured his ankle while playing basketball in the prison's gym. He says that he notified defendants Nathan Preston, Adam Jordan, and Pamela Jones of his injury, but that they refused to provide him emergency medical care. After screening Ward's complaint, Dkt. 1, I allowed him to proceed on claims against these defendants for deliberate indifference in violation of the Eighth Amendment. Dkt. 8. I also granted Ward leave to proceed against two Doe defendants, but Ward says that he cannot remember who the Doe defendants are or what they look like. Dkt. 15. So I will dismiss the Doe defendants from the lawsuit.

Ward moves for summary judgment, Dkt. 20, and for an extension of time to file a reply brief in support of summary judgment. Dkt. 32. I will deny both motions. Ward already received two extensions on his deadline to file his motion for summary judgment. Dkt. 19 and Dkt. 24. If I give Ward another extension, he will not have enough time to prepare for his March 18 trial date. And I will not move the trial date.

Furthermore, it is apparent from the existing briefings that there is a genuine dispute regarding whether Ward told defendants about his injury. I cannot resolve this dispute through summary judgment, so the case will need to go to trial.

Ward is entitled to summary judgment only if he can show that there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A "material fact" is one that affects the outcome of the case. *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1054 (7th Cir. 2018). When ruling on a motion for summary judgment, I must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If no reasonable juror could find for the nonmoving party based on the evidence in the record, then summary judgment is appropriate. *Martinsville Corral, Inc. v. Soc'y Ins.*, 910 F.3d 996 (7th Cir. 2018) (citations omitted). But if there is any evidence that would allow a reasonable jury to return a verdict for the nonmoving party, then summary judgment is not appropriate. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). (citations omitted).

To succeed on his Eighth Amendment claims, Ward must prove three elements: (1) he had a serious medical need; (2) defendants were aware of his medical need; and (3) defendants disregarded the risk to Ward's health and failed to provide treatment. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). The parties genuinely dispute the second element: whether defendants were aware of Ward's medical need.

The parties give conflicting accounts about what happened. Ward says that immediately after he injured his ankle, he told defendant Nathan Preston about his injury and asked for emergency medical treatment. But Preston says that he does not remember Ward telling him about the injury. Dkt. 29, ¶ 5. Likewise, Ward says that the day after his injury, he showed defendants Adam Jordan and Pamela Jones his severely swollen ankle and asked for emergency

medical treatment. But Jordan and Jones say that they do not remember Ward telling them about his ankle injury. Dkt. 30, ¶ 5 and Dkt. 31, ¶ 5. All three defendants claim that if Ward had told them about his injury, then they would have responded appropriately. Preston and Jones say that if they were aware of an urgent medical need, then they would have referred Ward to the health services unit. Dkt. 29, ¶ 6–8; Dkt. 30, ¶ 6–8. Jordan says that if Ward had complained to him, then he would have called the health services unit to determine whether the injury was serious or not. Dkt. 31, ¶ 6–7.

The outcome of Ward's case depends on who is more credible. Credibility issues cannot be decided at summary judgment. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The jury will have to decide whether to believe Ward's testimony or the defendants'.

ORDER

IT IS ORDERED that:

1. Plaintiff Darryl Ward's motion for summary judgment, Dkt. 20, is DENIED.
2. Defendants Sergeant John Doe and Officer John Doe are DISMISSED.

Entered January 9, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge